AO 91 (Rev. 11/11)  Criminal Complaint (approved by AUSA Brittany Jones)   USAO CW No. 24-30

# UNITED STATES DISTRICT COURT
для the
### Eastern District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| VIONNIE NIREE JOHNSON | ) | Case No. 24-mj-1331 |
| d.o.b. 7/3/2002 | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __8/15/24__ in the county of __Philadelphia__ in the __Eastern__ District of __Pennsylvania__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C § 1791(a)(1)(d)(1)(c) | Providing, Attempting to Provide, or Possessing Contraband in Prison |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

s/Jamal Christian
*Complainant's signature*

Special Agent Jamal Christian, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/15/2024 7:16 pm

*Judge's signature*

City and state: Philadelphia, Pennsylvania
Honorable Scott W. Reid, USMJ
*Printed name and title*

## AFFIDAVIT

1. I, Jamal Christian, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI") assigned to the FBI's Philadelphia Field Office. I have been a Special Agent with the FBI since 2023. I have received training in interviewing and interrogation techniques, arrest procedures, search and seizure, computer crimes, intellectual property and other white-collar crimes, search warrant applications, conducting physical surveillance, conducting short- and long-term undercover operations, consensual monitoring, analyzing telephone and electronic pen register and caller identification, system data, basic narcotics investigations, drug identification, detection, interdiction, United States narcotics laws, financial investigations, identification and seizure of drug related assets, undercover operations, and electronic and physical surveillance procedures at the Federal Bureau of Investigation Academy in Quantico, VA.

3. I am an "investigative or law enforcement officer" within the meaning of 18 U.S.C. § 2510; that is, an officer of the United States of America who is empowered to investigate and make arrests for offenses alleged in this warrant.

### PURPOSE OF AFFIDAVIT

4. This affidavit is made in support of criminal complaints and arrest of VIONNIE NIREE JOHNSON (JOHNSON) (DOB:07/03/2002) for violations of 18 U.S.C § 1791(a)(1)(d)(1)(c) (Providing, Attempting to Provide, or Possessing Contraband in Prison). Based on the facts set forth in this affidavit, there is probable cause to believe that a violation of

1

18 U.S.C § 1791(a)(1), (d)(1)(C) (Providing, Attempting to Provide, or Possessing Contraband in Prison) has been committed by JOHNSON.

5. This Affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and warrant and does not set forth all of my knowledge about this matter. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. I have not included each and every fact known to me concerning this investigation. Additionally, unless otherwise indicated, wherever in this Affidavit I assert that an individual made a statement, that statement is described in substance herein and is not intended to be a verbatim recitation of such statement. Furthermore, unless otherwise indicated, all statements contained in this Affidavit are summaries in substance and in part. The following is true to the best of my knowledge and belief.

## PROBABLE CAUSE

6. On August 15, 2024, at approximately 2:30 PM, FBI Philadelphia received a phone call from Bureau of Prisons - Federal Detention Center ("FDC") Philadelphia Special Investigative Services informing them that a female, identified as JOHNSON, had attempted to pass FDC Philadelphia inmate Raheem Bivens 66 strips of Buprenorphine and Naloxone, commonly referred to as its brand name Suboxone[1]. 9 grams of marijuana[2], loose leaf tobacco, and rolling papers.

7. FDC Philadelphia staff were monitoring CCTV of JOHNSON and BIVENS during a visit. CCTV footage captured BIVENS hugging JOHNSON and attempting to remove

---

[1] The medical staff at the Philadelphia FDC tested the suspected suboxone and it tested positive.
[2] The suspected marijuana was collected for evidence and has not yet been tested. Based on my training and experience the appearance and smell of the suspected marijuana is consistent with marijuana.

something from her sweatshirt pocket. BIVENS and JOHNSON briefly let go of each other then began hugging and kissing again. BIVENS then reached into JOHNSON'S sweatshirt pocket and removed a balloon, later found to contain the contents described in in paragraph six. BIVENS sat down at his chair as JOHNSON walked away. FDC Philadelphia staff detained BIVENS and removed him from the visitation area. BIVENS was immediately searched by FDC Philadelphia staff and located the contraband in his clothing. FDC Philadelphia staff took JOHNSON into custody and cleared the visitation area.

8. FDC Philadelphia staff seized, documented, packaged and secured the 66 strips of Buprenorphine and Naloxone, commonly referred to as its brand name Suboxone, 9 grams of marijuana, loose leaf tobacco, and rolling papers removed from BIVENS.

9. JOHNSON was arrested by Agent Christian and transported to FBI Philadelphia Headquarters located at 600 Arch Street, Philadelphia, PA, for processing. During processing JOHNSON confirmed her identity and phone number to agents.

10. FDC Philadelphia staff searched the phone number that JOHNSON provided and found a call between JOHNSON and Bivens the day before on 8/14/2024. In that call JOHNSON speaks about picking up drugs to bring to the visit the next day.

11. Suboxone and its component Buprenorphine are Schedule III controlled substance, the possession of which without a prescription by a licensed medical practitioner is illegal. Suboxone is considered contraband by the Federal Bureau of Prisons and Title 18 U.S.C. § 1791(a)(1), (d)(1)(C) and (D).

12. Marijuana is a schedule I controlled substance, the possession of which without a prescription by a licensed medical practitioner is illegal. Marijuana is considered contraband by the Federal Bureau of Prisons and Title 18 U.S.C. § 1791(a)(1), (d)(1)(C) and (D).

13.     Tobacco is considered contraband by the Federal Bureau of Prisons and Title 18 U.S.C. § 1791(a)(1), (d)(1)(C) and (D).

## CONCLUSION

14.     Based on the above facts, there is probable cause to believe that VIONNIE NIREE JOHNSON possessed, conspired to, and attempted to provide to an inmate at a federal detention and correctional facility a controlled substance.

12. Based on the foregoing, your affiant submits that there is probable cause for the arrest of VIONNIE NIREE JOHNSON.

Respectfully submitted,

*/s/ Jamal Christian*
Jamal Christian
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to telephonically

On August 15, 2024   7:16 pm

_____
HON. SCOTT W. REID
United States Magistrate Judge

5